IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR.,            )
                                   )
        Plaintiff,                 )
                                   )
        v.                         ) Civ. No. 05-134-JJF
                                   )
CAPT CLYDE SEGARS, CPL. FRANK      )
KROMKA, LT. LARRY SAVAGE,          )
BRIAN ENGREM LAW LIBRARIAN,        )
and C/O JANE MORAN,                )
                                   )
        Defendants.                )

**ORDER**

1.   Plaintiff Ronald E. Proctor, Jr., SBI #163750, a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983.

2.   Plaintiff alleges that on September 7, 2004, defendants Cpl. Frank Kromka and Capt Clyde Segars searched his cell without plaintiff being present. (D.I. 2 at 3) Plaintiff further alleges that defendants took his legal material and are denying him access to the courts. (Id. at 4)

3.   Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or

failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

4. Regardless of whether a prisoner proceeds in forma pauperis in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). In Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143 (3d Cir. 1997), the Court held that dismissal as frivolous prior to the Prisoner Litigation Reform Act's enactment count towards the "three strikes" rule.

5. Proctor, while incarcerated, has filed at least six (6) civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Proctor v. Scott, Civil Action No. 88-415-MMS (dismissed December 12, 1988); Proctor v. Watson, Civil Action No. 88-417-MMS (dismissed December 12, 1988); Proctor v. Haley, Civil Action No. 88-418-MMS (dismissed December 12, 1988); Proctor v. Avanzato, Civil Action No. 88-420-MMS (dismissed December 12, 1988); Proctor v. Gaddis, Civil Action No. 88-421-MMS (dismissed

December 12, 1988) and <u>Proctor v. Brasure</u>, Civil Action No. 01-013-JJF (<u>dismissed</u> January 8, 2001). Therefore, Proctor may not file another civil action <u>in forma pauperis</u> while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The present complaint does not meet that standard.

      6. Proctor's motion for leave to proceed <u>in forma pauperis</u> is denied. However, Proctor, is given thirty (30) days from the date this order is sent to pay the $250.00 filing fee. If Proctor does not pay the filing fee within that time, he shall be dismissed as a plaintiff in this action pursuant to 28 U.S.C. § 1915(g).

DATED: 4/13/05

United States District Judge